IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SONICBLUE INC., a Delaware corporation; DIAMOND MULTIMEDIA SYSTEMS, INC., at Delaware corporation; REPLAYTV, INC., a Delaware corporation; and SENSORY SCIENCE CORPORATION, a Delaware corporation,<br><br>Debtors. | CASE NO. 5:09-cv-04853-JF<br><br>ORDER DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT WITHOUT POSTING BOND<br><br>[Re: Dkt. Entry 108] |
| DENNIS J. CONNOLLY, Plan Administrator for SONICBLUE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADMIRAL INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY,<br><br>Defendants. | |

In 2002, SONICblue, Inc. ("SONICblue") obtained a directors and officers liability policy from Admiral Insurance Company ("Admiral"). SONICblue subsequently filed a chapter 11 bankruptcy petition. In 2005, Admiral filed an adversary complaint ("the Coverage Action") in the bankruptcy proceeding, seeking to establish that it did not have an obligation to provide insurance coverage under the policy with respect to a lawsuit brought by SONICblue creditors against

SONICblue directors and officers. The Coverage Action asserted *inter alia* that the policy was subject to rescission as a result of material misrepresentations and/or omissions in the policy application. This Court withdrew the bankruptcy reference with respect to the Coverage Action, and in August 2009 it entered judgment for Admiral, finding that Admiral was entitled to rescind the policy. *See Admiral Insurance Co. v. SONICblue, Inc.*, No. 5:07-cv-04185-JF, Dkt. Entries 69-70. SONICblue's bankruptcy trustee and plan administrator, Dennis J. Connolly ("Connolly"), requested that Admiral return the policy premiums that SONICblue had paid to Admiral under the policy. When Admiral refused, Connolly filed the present action for recovery of premiums. On March 4, 2011, this Court entered judgment for Connolly and against Admiral in the amount of $553,742.37, representing the net premiums that SONICblue had paid to Admiral, plus pre-judgment interest at a rate of 7%. *See* Dkt. Entries 99-100.

Both judgments were appealed. The appeal of the judgment in the present action was stayed pending disposition of the appeal in the Coverage Action. In September 2011, the Ninth Circuit affirmed this Court's judgment in the Coverage Action with respect to Admiral's entitlement to rescind the policy. Shortly thereafter, on October 21, 2011, Admiral filed the instant motion to stay enforcement of the present judgment pending disposition of the appeal. Admiral's motion was overlooked as a result of a clerical error on the part of Court staff. It appears that briefing of the appeal of the present judgment has been completed but that no oral argument has been set.

"If an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). Thus Admiral may obtain a stay simply by posting an appropriate bond. Admiral's motion seeks an order waiving the bond requirement and staying the judgment without security. Connolly opposes the motion.

District courts have inherent authority in setting an appropriate bond under Rule 62(d), including discretion to permit alternative forms of security or to waive the bond requirement entirely. *Cotton ex rel. McClure v. City of Eureka*, --- F. Supp. 2d ----, 2012 WL 909669, at *23 (N.D. Cal. Mar. 16, 2012); *C.B. v. Sonora School Dist.*, 819 F. Supp. 2d 1032, 1053 (E.D. Cal. 2011). The appellant has the burden to demonstrate why the Court should depart from the usual requirement of a full supersedeas bond. *Cotton*, 2012 WL 909669, at *23 (citing *Poplar Grove*

2

*Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979)). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190-91. "[A] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Id*. at 1191. Thus the requirement of a bond normally should be imposed. *Id*.

When determining whether to waive the bond requirement of Rule 62(d), courts have considered the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Cotton*, 2012 WL 909669, at *23 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-905 (7th Cir. 1988)).

Admiral submits the declaration of Serge Adam, an assistant vice president of claims for Monitor Liability Managers, LLC, which is the managing general underwriter and agent for Admiral. Adam Decl. ¶ 1. Adam states that Admiral has a Best's rating of "A+" and total assets of $3 billion. *Id*. ¶ 7. Adam's declaration does not make clear that he has sufficient personal knowledge of Admiral's rating and finances to lay a foundation for these statements. Moreover, even assuming Admiral's ability to pay, the Court concludes that this fact alone does not warrant departure from the ordinary application of Rule 62(d). If Admiral's finances are as described by Adams, obtaining a supersedeas bond will not cause it hardship. Admiral appears to have obtained a windfall in the form of a *de facto* stay of almost a year without bond as a result of the Court's failure to address its motion in a timely fashion. Admiral's desire to avoid the cost of a bond does not render this case unusual in any way. Accordingly, the Court HEREBY DENIES Admiral's motion. If Admiral wishes to stay execution of the judgment pending disposition of the appeal, Admiral shall post a bond sufficient to cover the judgment amount of $553,742.37 plus prejudgment interest at the specified rate of 7%. *See* Dkt. Entries 99-100.

//

3

1    IT IS SO ORDERED.

3    Dated: September 28, 2012



JEREMY FOGEL
United States District Judge

4

CASE NO. 5:09-cv-04853-JF
ORDER DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT WITHOUT POSTING BOND